MANN, Chief Judge.
The trial judge determined that defendant’s motion to dismiss for failure to prosecute should be denied. There is no ascription of reason. The record of the hearing before the trial judge is not brought before us. The only justification for reversal of the trial judge’s decision is, therefore, that he was not authorized to treat the plaintiff’s objection to the motion as “good cause in writing” within the meaning of Rule 1.420, Fla.R.Civ.P., 30 F. S.A. The plaintiff “for good cause says that this cause is closely related to cause # 184433 on the docket of this Court and that activity has been conducted in cause # 184433 which advances this cause and interrogatories filed in this cause are identical and verbatim with interrogatories filed in cause # 184433, that the attorneys in both causes are the same and that cause # 184433 is not subject to dismissal and a Motion for Consolidation is filed herewith.”
We are unwilling to reverse a conscientious trial judge who had before him the same lawyers, representing the same type of claim, determining whether the non-record activity of these lawyers, known to both, was sufficient to warrant allowing the case to remain on the active docket. It is entirely possible — the presumption of correctness requires us to assume — that there was adduced on that occasion sufficient indication, conceivably by way of admission, that these causes had indeed progressed through activity known to both sides but not recorded in this case.
To find fault with a minimal, but sufficient, assertion of good cause, not attacked in the trial court as insufficient and not shown of record here to be unproved is a departure from the responsibility of an appellate tribunal. We cannot invite counsel *46 to lay low in the trial court, and if matters take an adverse course, to come here with no record of what the trial judge heard and sandbag the opposition.
Affirmed.
HOBSON, J., and PIERCE, J. (Retired), concur.